# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN ANDERSON, <br> PLAINTIFF | : <br> : <br> : | CIVIL ACTION - LAW |
| v. | : <br> : | DOCKET NO.: |
| GEISINGER MEDICAL CENTER, <br> DEFENDANT | : <br> : <br> : | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Susan Anderson ("Plaintiff") brings this lawsuit against Geisinger Medical Center ("Defendant"), seeking all available relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et. seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, *et. seq.*

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. On January 7, 2020, Plaintiff filed with the Pennsylvania Human Relations Commission ("PHRC") the attached Employment Discrimination Questionnaire, alleging inter alia, that Defendant subjected her to harassment and discrimination based on her sex and terminated her employment in violation of the anti-discrimination provisions of Title VII and the PHRA (Exhibit A).

2. On May 4, 2021, the PHRC issued to Plaintiff the attached "Notice of Right to Sue" letter to Plaintiff (Exhibit B).

3. On March 17, 2021, Plaintiff sent to the Equal Employment Opportunity Commission ("EEOC") the attached letter requesting a Right to Sue letter. (Exhibit C).

4. On August 30, 2021, Plaintiff sent to the Equal Employment Opportunity Commission ("EEOC") the attached follow-up letter requesting a Right to Sue letter. (Exhibit D).

5. On September 15, 2021, the EEOC issued the attached "Notice of Right to Sue" to Plaintiff (Exhibit E).

6. Based on the above, Plaintiff has exhausted her administrative remedies and satisfied all prerequisites to suit.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332 and 1367.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff is an individual residing in Trevorton, Northumberland County, Pennsylvania.

10. Defendant is a Non-Profit with a primary business address of 100 North Academy Avenue in Danville, Montour County, Pennsylvania.

## FACTUAL ALLEGATIONS

11. Defendant is believed to have employed more than 20 people at the time Plaintiff was employed.

12. In September 2011, Defendant hired Plaintiff as a Vascular Access Registered Nurse.

13. Throughout her employment, Plaintiff diligently and competently performed her job duties.

14. On May 27, 2019, coworker Jared Carpenter began making sexual unwanted sexual comments to Plaintiff.

15. From May 27, 2019 to July 5, 2019, coworker Jared Carpenter would frequently make unwanted sexual comments to Plaintiff, make lewd gestures

and motions including but not limited to grinding his hips against her chair and telling her that he would have sex with her if not for her being older.

16. On July 5, 2019, coworker Jared Carpenter smacked Plaintiff's rear end while in a patient's room and said that he expected for her age that it would be "squishy" but that it was "tight." (See Exhibit A)

17. On July 10, 2019 Plaintiff made her first formal complaint regarding Jared Carpenter's behavior to Michele Long, Operations Manager. (See Exhibit A).

18. Following Plaintiff's complaint, Jared Carpenter was allowed to resign from his position rather than be terminated. Per Defendant's policies, this allows Jared Carpenter to return to work for Defendant in the future should he choose.

19. Throughout the period of time that Plaintiff was being harassed, Jared Carpenter and Michele Long were friends.

20. After Jared Carpenter resigned, Michele Long, Operations Manager began looking for things to retaliate against Plaintiff for, which she had never been reprimanded for prior to him resigning. This included but was not limited to reprimanding her for being "out of uniform" for things such as wearing artificial nails, which she immediately removed.

21. At the same time that Michele Long was targeting Plaintiff for being "out of uniform," other nurses were not reprimanded for similar things such as artificial nails, chipped nail polish, and wearing scrubs without the proper designations (i.e. "RN") on them.

22. On October 15, 2019, Plaintiff was terminated by Michele Long. She was not in disciplinary process at the time. Per Defendant's policies, being terminated bars her from returning to work for Defendant in the future. (Exhibit F).

23. Per Defendant's policies, Plaintiff should not have been fired without being in disciplinary process. Plaintiff in fact had received a raise at the end of July 2019 and was on the scheduling committee; employees who are in disciplinary process are not eligible to be on committees.

24. The conduct described in this Complaint was based on Plaintiff's sex and age; but not for Plaintiff's sex and age she would not have been subjected to such conduct.

25. The conduct described in this Complaint was pervasive and ongoing.

26. The conduct described in this Complaint detrimentally affected Plaintiff by, inter alia, causing her extreme emotional distress.

27. The conduct described in this Complaint would detrimentally affect any reasonable female employee.

28. The conduct described in this Complaint would detrimentally affect any reasonable employee over forty (40) years of age.

29. The conduct described in this Complaint resulted in a hostile work environment for the Plaintiff.

30. As a result of the hostile work environment and discharge described above, Plaintiff has suffered emotional injury, psychological injury, and financial loss including, inter alia, lost past and future earnings benefits.

## COUNT I
### (Alleging Violations of Title VII)

31. Plaintiff repeats and asserts the allegations set forth in paragraphs 1 through 59 as though fully stated herein.

32. Title VII prohibits employers from discriminating against employees based on sex, and, as such, prohibits employers from subjecting employees to a hostile work environment based on sex.

33. Plaintiff is a covered employee entitled to Title VII protections.

34. Defendant is an employer covered by Title VII.

35. Defendant violated Title VII by subjecting Plaintiff to a hostile work environment that was motivated entirely by Plaintiff's sex.

36. Defendant violated Title VII by terminating employee's employment.

37. As a result of the hostile work environment and discharge described above, Plaintiff has suffered emotional injury, psychological injury, and financial loss, including, inter alia, lost past and future earnings and benefits.

38. As an employee of Defendant Geisinger Medical Center, Plaintiff was entitled to free and/or reduced tuition for her children. Plaintiff had one child who had planned to attend Geisinger Medical Center.

## COUNT II
### (Alleging Violations of the PHRA on the Basis of Sex)

39. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 through 59 as though fully stated herein.

40. The PHRA prohibits employers from discriminating against employees based on sex, and, as such, prohibits employers from subjecting employees to a hostile work environment based on sex.

41. Plaintiff is a covered employee entitled to the PHRA's protections.

42. Defendant is an employer covered by the PHRA.

43. Defendant violated the PHRA by subjecting Plaintiff to a hostile work environment that was motivated by Plaintiff's sex.

44. Defendant violated the PHRA by terminating Plaintiff's employment.

45. As a result of the hostile work environment and discharge described above, Plaintiff has suffered emotional injury, psychological injury, and financial loss, including, inter alia, lost past and future earnings and benefits.

46. As an employee of Defendant Geisinger Medical Center, Plaintiff was entitled to free and/or reduced tuition for her children. Plaintiff had one child who had planned to attend Geisinger Medical Center.

## COUNT III
### (Alleging Violations of the PHRA on the Basis of Age)

47. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 through 59 as though fully stated herein.

48. The PHRA prohibits employers from discriminating against employees based on age, and, as such, prohibits employers from subjecting employees to a hostile work environment based on age.

49. Plaintiff is a covered employee entitled to the PHRA's protections.

50. Defendant is an employer covered by the PHRA.

51. Defendant violated the PHRA by subjecting Plaintiff to a hostile work environment that was motivated by Plaintiff's age.

52. Defendant violated the PHRA by terminating Plaintiff's employment.

53. As a result of the hostile work environment and discharge described above, Plaintiff has suffered emotional injury, psychological injury, and financial loss, including, inter alia, lost past and future earnings and benefits.

## COUNT IV
### (Alleging Violations of 43 P.S. 955 (d), Retaliation)

54. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 through 59 as though fully stated herein.

55. Employers are prohibited, in 43 P.S. 955 (d), from discriminating in any manner against an individual because such individual has opposed any practice forbidden by the Act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding, or hearing under the Act.

56. Defendant violated 43 P.S. 955 (d) by targeting Plaintiff for small things such as her artificial nails and ultimately firing her while she was not in disciplinary process.

57. Plaintiff's action of making a complaint of the pervasive and ongoing sexist and ageist language and actions of coworker Jared Carpenter was legally appropriate; and Defendant did retaliate against Plaintiff for making such complaints against her coworker Jared Carpenter as and she had not received reprimands or write-ups previously for her same or similar conduct,

and other nurses were not being reprimanded for the same or similar conduct.

58. Defendant violated 43 P.S. 955 (d) by firing Plaintiff while she was not in disciplinary process.

59. As a result of the hostile work environment and discharge described above, Plaintiff has suffered emotional injury, psychological injury, and financial loss, including, inter alia, lost past and future earnings and benefits.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff seeks the following relief:

**A.** Compensatory damages including compensation for pain and suffering, as well as emotional and psychological injury, to the fullest extent permitted by law;

**B.** Recovery of all past and future lost wages, fringe benefits and out-of-pocket expenditures;

**C.** Punitive damages, monetary penalties and prejudgment interest to the fullest extent permitted under the law;

**D.** Litigation costs, expenses and attorney's fees to the fullest extent permitted under the law; and

**E.** Such other and further relief as this Court deems just and proper.

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN ANDERSON, | : | CIVIL ACTION - LAW |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | DOCKET NO.: |
| GEISINGER MEDICAL CENTER, | : | |
| DEFENDANT | : | |
| | : | JURY TRIAL DEMANDED |

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial as to all claims so triable.

        Respectfully Submitted,
        LEPLEY, ENGELMAN,
        YAW, & WILK, LLC

        /s/Douglas N. Engelman, Esq.
        Douglas N. Engelman, Esq.
        ID#34839
        140 East Third Street
        Williamsport, PA 17701
        570-323-3768 (telephone)
        570-323-6191 (facsimile)
        Attorney for Plaintiff