**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUSAN ANDERSON,<br>Plaintiff | : | CIVIL ACTION NO.<br>4:21-cv-02098-MWB |
| v. | : | |
| GEISINGER MEDICAL CENTER<br>Defendant | : | |
| | : | JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Geisinger Medical Center ("Defendant" or "Geisinger"), by and through its undersigned counsel, Buchanan Ingersoll & Rooney PC, and hereby responds to the Complaint (Doc. 1) of Plaintiff, Susan Anderson ("Plaintiff" or "Anderson").

The numbered paragraphs of this Answer correspond with the like-numbered paragraphs of Plaintiff's Complaint and, unless specifically admitted herein, each factual averment in Plaintiff's Complaint is denied.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

1. Admitted in part; denied in part. It is admitted only that Plaintiff filed an Employment Discrimination Questionnaire with the Pennsylvania Human Relations Commission ("PHRC") on January 7, 2020. The Employment Discrimination Questionnaire is a written document that speaks for itself and any

inaccurate, inconsistent, incomplete descriptions thereof are denied. Any remaining averments are also denied.

2. Admitted, upon information and belief.

3. Denied. Defendant is without sufficient information or belief with respect to the averments of this paragraph, and the same is denied with strict proof thereof demanded.

4. Denied. Defendant is without sufficient information or belief with respect to the averments of this paragraph, and the same is denied with strict proof thereof demanded.

5. Admitted, upon information and belief.

6. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

## JURISDICTION AND VENUE

7. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

8. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

## PARTIES

9. Denied. Defendant is without sufficient information or belief with respect to the averments of this paragraph, and the same is denied with strict proof thereof demanded.

10. Admitted.

## FACTUAL ALLEGATIONS

11. Denied. Defendant is without sufficient information or belief as to the number of people Plaintiff "believes" were employed by Defendant at the time she was employed and same is, therefore, denied with strict proof thereof demanded.

12. Denied as stated. By way of further response, Defendant hired Plaintiff as a Registered Nurse with the IV Therapy Team in August 2011.

13. Denied.

14. Denied.

15. Denied.

16. Denied. Defendant is without sufficient information or belief with respect to the averments of this paragraph, and the same is denied with strict proof thereof demanded.

17. Admitted in part; denied in part. It is admitted only that Plaintiff made a report on or about July 10, 2019. The remaining averments of this paragraph are denied.

18. Admitted in part; denied in part. It is admitted only that Jared Carpenter resigned from his position while he was on a suspension pending an investigation. The remaining averments of this paragraph are denied. By way of further response, Mr. Carpenter is not eligible for rehire.

19. Denied. The averment that Plaintiff was being harassed is a legal conclusion to which no response is required. To the extent a response is deemed required, the averment is denied, and strict proof thereof is demanded at the time of trial. After reasonable investigation, Defendant is without knowledge or information as to whether Jared Carpenter and Michele Long were friends, and Defendant denies same and leaves Plaintiff to her proofs.

20. Admitted in part; denied in part. It is admitted only that Plaintiff was coached regarding a violation of Defendant's dress code policy in July 2019. All remaining averments are denied. By way of further response, Plaintiff received

numerous coaching and other reprimands as a result of performance issues occurring prior to July of 2019.

21. Denied.

22. Admitted in part; denied in part. It is admitted only that Plaintiff's employment with Defendant was terminated on October 15, 2019. The remaining averments of this paragraph are denied.

23. Denied.

24. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

25. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

26. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

27. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

28. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

29. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

30. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

## COUNT I
## (Alleging Violations of Title VII)

31. Defendant hereby incorporates its responses to the foregoing Paragraphs as if set forth at length herein.

32. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

33. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

34. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

35. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

36. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

37. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

38. Denied.

**COUNT II**
**(Alleging Violations of the PHRA on the Basis of Sex)**

39. Defendant hereby incorporates its responses to the foregoing Paragraphs as if set forth at length herein.

40. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

41. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

42. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

43. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

44. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

45. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

46. Denied.

**COUNT III**
**(Alleging Violations of the PHRA on the Basis of Age)**

47. Defendant hereby incorporates its responses to the foregoing Paragraphs as if set forth at length herein.

48. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

49. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

50. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

51. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

52. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

53. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

**COUNT IV**
**(Alleging Violations of 43 P.S. 955(d), Retaliation)**

54. Defendant hereby incorporates its responses to the foregoing Paragraphs as if set forth at length herein.

55. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

56. Denied. The averments in this Paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

57. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

58. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

59. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff for attorney's fees and costs, and such other and further relief as is deemed appropriate.

**AFFIRMATIVE DEFENSES**
**ADDITIONAL DEFENSES**

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet obtained all necessary discovery from Plaintiff or others in connection with this action and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c), and without conceding that any such defenses must be set forth in its answer, and without assuming the burden of proof on matters and issues other than those on which Defendant has the burden of proof as a matter of law, Defendant states as follows:

**FIRST DEFENSE**

Plaintiff has failed to state a claim, in whole or in part, upon which relief may be granted.

**SECOND DEFENSE**

Defendant maintains policies against discrimination, harassment, and/or retaliation, and a reasonable and available procedure for handling complaints thereof, which provide for prompt and effective responsive action. These policies were clearly and adequately communicated to Plaintiff. Defendant has exercised reasonable care to prevent and correct promptly any unlawful discriminatory, harassing, and/or retaliatory behavior. To the extent Plaintiff failed to exercise reasonable care in avoiding the alleged harm under Defendant's anti-discrimination, anti-harassment, and anti-retaliation policies and procedures by utilizing or otherwise availing herself of these policies and procedures, her claims of alleged discrimination, harassment, and/or retaliation are barred.

**THIRD DEFENSE**

The Complaint fails to state a *prima facie* case of retaliation, discrimination, harassment, and/or hostile work environment.

**FOURTH DEFENSE**

All actions taken by Defendant relative to Plaintiff were based on legitimate, non-discriminatory/non-retaliatory legal factors other than the illegal factors alleged by Plaintiff.

**FIFTH DEFENSE**

Plaintiff cannot establish that the legitimate, business reasons offered by Defendant are pretext for discrimination, harassment, and/or retaliation.

**SIXTH DEFENSE**

Plaintiff has failed to exhaust all administrative remedies as required by law and/or is barred by the statute of limitations. To the extent Plaintiff failed to exhaust her administrative remedies, this Honorable Court does not have subject matter jurisdiction.

**SEVENTH DEFENSE**

Plaintiff's claims may be barred in whole or in part by the after-acquired evidence doctrine.

**EIGHTH DEFENSE**

Plaintiff has failed to mitigate her damages, if any, and Defendant is entitled to an offset for all amounts which Plaintiff has earned or, in the exercise of reasonable diligence, should have earned.

**NINTH DEFENSE**

Plaintiff has failed to allege facts sufficient to support a claim for compensatory, punitive or other damages.

**TENTH DEFENSE**

Plaintiff's claims may be barred in whole or in part by the doctrines of laches, fraud, waiver, estoppel and/or unclean hands.

**ELEVENTH DEFENSE**

Plaintiff's Complaint fails to set forth any cause of action against Defendant upon which damages in her respective prayers for relief may be awarded.

**TWELFTH DEFENSE**

Plaintiff did not engage in protected activity and, further, cannot establish a causal connection between a protected activity and an adverse employment action.

WHEREFORE, Defendant respectfully requests judgment in its favor and against Plaintiff, together with costs, expenses and fees incurred and such other relief as the Court may deem just and appropriate.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: /s/Anthony (T.J.) Andrisano

Anthony (T.J.) Andrisano, Esquire
(Attorney ID No. 201231)
409 N. Second Street, Suite 500
Harrisburg, PA 17101
Phone: (717) 237-4968
Facsimile: (717) 233-0852
Email: anthony.andrisano@bipc.com
*Attorneys for Defendant*

Dated: March 22, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing Answer with Affirmative Defenses was transmitted to the Court electronically for filing and for electronic service upon the following attorneys of record this 22nd day of March, 2022.

Douglas N. Engleman, Esquire
Lepley, Engelman, Yaw, & Wilk, LLC
140 East Third Street
Williamsport, PA 17701

/s/ *Krista M. Kiger*
Krista M. Kiger
Paralegal